UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

TANIA L. POHLE                                                                                              CASE NO. 11-51710

DEBTOR

### MEMORANDUM OPINION AND ORDER

Stephen Barnes, a partner attorney with Walther, Roark & Gay, PLC ("WRG") seeks compensation under section 330(a)(3) of the Bankruptcy Code for attorneys' fees in the amount of $5,854.75 plus expenses in the amount of $380.53 for representing the Chapter 7 Trustee Stephen Palmer, along with co-counsel Suzanne Shaffar, in efforts to assist the Trustee in investigating allegations regarding Debtor's personal injury settlement and a post-petition transfer to Humana Insurance Company by Debtor's personal injury attorney [Doc. 33, 34].

On August 8, 2011, an Order was entered approving Barnes and WRG's employment [Doc. 15] based on the Trustee's Application to Employ ("Application") [Doc. 13]. The Application stated that Barnes agreed to a fee of $800.00 plus expenses if a preference can be recovered without filing an adversary proceeding. There is nothing in the Application or Order about investigating personal injury litigation or a post-petition transfer.

On August 16, 2011, an Order was entered approving Suzanne Schaffar's employment [Doc. 18] based on the Trustee's Application to Employ Shaffar ("Shaffar Application") [Doc. 14]. The Shaffar Application stated that Shaffar would assist the Trustee in reviewing a personal injury claim and a potential malpractice claim in the personal injury lawsuit, and that her fee would be $200.00 per hour.

At a hearing held on June 14, 2012, Barnes admitted that this engagement application

1

was in error, and that he had done nothing to correct that error.

Section 327 of the Bankruptcy Code allows the trustee to employ an attorney. 11 U.S.C. §327. Federal Rule of Bankruptcy Procedure 2014 states that an order approving the employment of the attorney shall be made only upon application of the trustee. "The application must state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered and any proposed arrangement for compensation." 3 Collier on Bankruptcy ¶ 327.03[2][a] *citing* In re Interamericas, Ltd., 321 B.R. 830 (Bankr. S.D. Tex. 2005); In re Drexel Burnham Lambert Group, Inc., 140 B.R. 367 (Bankr. S.D.N.Y. 1992).

Here, the Application did not disclose the necessity or the proposed professional services of Barnes' representing the Trustee in either personal injury litigation or a potential malpractice claim. Further, the Application disclosed that Barnes' compensation would be $800.00 unless an adversary proceeding was filed. No adversary proceeding was filed. A Trustee's attorney has a duty to accurately disclose transactions with estate representatives, including engagement terms, and scope of engagement. Only with this information can a meaningful decision be made on an engagement application. When compensation sought is significantly different from that originally disclosed, counsel must do more than say "the application was in error." The Court must be able to rely on employment applications and employment orders.

Further, Shaffar was employed to do the same work that Barnes, in part, seeks compensation for performing. There was no employment application stating that more than one counsel was necessary to perform these services. Section 330(a)(4)(A) states that a court shall not allow compensation for – (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case. 11 U.S.C. §330(a)(4)(A). Here, all of Barnes services have not been shown to be

2

necessary, or a benefit to the estate, and some are possibly duplicative. Section 330(a)(3) of the Bankruptcy Code allows the Court to award reasonable compensation. Here, the Court finds that Barnes' reasonable compensation is the $800.00 amount disclosed on his Application.

IT IS HEREBY ORDERED that Stephen Barnes and WRG are allowed fees in the amount of $800.00 plus expenses in the amount of $380.53.

COPIES TO:

Debtor

Ginger C. Cord, Esq.

Stephen Palmer, Esq.

Stephen Barnes, Esq.

Suzanne Lee Shaffar, Esq.

3

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Tuesday, June 26, 2012
(tnw)**